Peelle, J.,
delivered the opinion of the court:
The facts disclosed by the findings are substantially these: May 15,1881, plaintiff was engaged as a civilian by the defend *351 ants, through the agency of Brig. Gen. Hazen, Chief Signal Officer of the U. S. Army, to accompany a scientific expedition — being a branch of the military service of the United States — to Point Barrow, Alaska, as interpreter -and storekeeper, for a term of three years, unless sooner discharged, at a salary of $125 per month. He was on duty, in the line of his employment, from the date thereof until October 15,1883, at which time the expedition returned to San Francisco and was disbanded, his account settled, and he discharged. At the time of said settlement the price of his subsistence was, in the main, retained out of his salary, and the residue, except while on duty at San Francisco and on the outward voyage to-Point Barrow, was paid for by him in cash to the defendants-without objection. Under what circumstances he was furnished his meals on the vessel on the voyage to Point Barrow does not appear.
At the time of his employment the following regulation of the Army was in force:
“ Sec. 1427. Citizens in the employ of any branch of the military service, except laborers, teamsters, and like classes of employés, when traveling under competent orders, or upon ■ summons as witnesses before military courts, will be entitled to transportation in kind; or, if no transportation be provided, they may charge the cost actually paid by them of travel fare by the usual conveyances, inclusive of transfer to and from depots, not exceeding fifty cents each, and of one berth in sleeping-cars, or on steamers where an extra charge is made therefor. Payment of parlor-car fare is prohibited.
“In addition to the above, the sum of four dollars per day west of the Mississippi Elver, and three dollars and a quarter east thereof, will be allowed for each and every day unavoidably consumed in travel, or on duty under the order or summons ; provided, that where meals aré included in the transportation, or fare, by steamers, no per diem shall be charged.”'
Under that regulation, the plaintiff contends that he is entitled to f>4 per day in lieu of subsistence for each and every day he supplied his own subsistence or purchased same from the defendants, being 829 days; while the defendants controvert that proposition, and further claim that by his failure to' present his claim at the time of settlement, or to object to the deductions made from his salary, and thereafter failing to present his claim until the bringing of this action, he has waived any claim he may have had.
*352 The questions presented, therefore, are these:
Is the plaintiff entitled, under the regulations quoted, to $4 per day in lieu of subsistence; and, if so entitled, has he waived the same by his failure tó object at the time of settlement, and thereafter failing to present his claim until the bringing of this action?
It is averred in the petition, inter alia, that—
“ The plaintiff was employed by the defendants as an interpreter and storekeeper for the polar expedition to Point Barrow, undertaken by the defendants in the year 1881, for the term of three years, or for the time occupied by said expedition until its return to the United States, said plaintiff being by-said co. tract employed as a civilian in a branch of the military service of the United States Army. * * *”
It is further averred in the petition in substance that the plaintiff was on duty under competent orders from the defendants from the date of his employment until his discharge, being on duty at San Francisco before and after the voyage to Point Barrow and on his return voyage.
The findings of fact support the averments, showing that the plaintiff was employed at San Francisco for three years, unless sooner discharged, to accompany a polar or scientific expedition as interpreter and storekeeper from San Francisco to Point Barrow, at a salary of $125 per month, so that the plaintiff’s transportation to and from Point Barrow was included under the terms of his employment, independent of the regulation quoted. The plaintiff’s contention, therefore, that his transportation could not have been provided except under the first paragraph of the regulation quoted is not well taken. Then, again, the appropriations made by Congress from time to time “for transportation of men and supplies” to Point Barrow (22 Stat. L., 384-616, and 23 Stat. L., 243), show that transportation was contemplated, but no mention is made of providing the civil employés with subsistence other than as such “ supplies” may be sold to such employés under regulations to be hereafter considered.
Under what circumstances the plaintiff’s subsistence was provided him on the outward voyage to Point Barrow does not appear. The vessel may have been chartered by the defendants advantageously \vith reference to subsistence being furnished the entire party composing the expedition, and if so, *353 such subsistence would be furnished independent of the regulation quoted. But be that as it may, there was nothing said in the employment of the plaintiff concerning subsistence, and however it may have been furnished, the officer in charge of the expedition had no authority to vary or add to the terms of the contract, or charge the defendants with a liability not contemplated thereby; and having no authority to vary or add to the terms of the contract his action could not be construed as an interpretation of the regulation, and certainly not when such action is not shown to have been approved by the officer having authority to make such contract.
We have thus adverted to these preliminary questions because of the plaintiff’s contention that because the defendants provided him with transportation to and from Point Barrow, and furnished him with subsistence on the outward voyage, and there being no other regulation under which the same could be done, ergo it must have been done under said section 1427 (supra), and that by reason thereof the regulation has been interpreted by .the action of the War Department in favor of his contention here.
The regulation relied upon to recover $4 per day in lieu of subsistence, we think, without doubt, has reference to that class of citizens engaged in some regular employment in the military service who may be ordered to perform some other or different service than that contemplated by the terms of their employment.
That is to say, “citizens in the employ of any branch of the military service, except laborers, teamsters, and like classes of employés, when traveling under competent orders, or upon summons as witnesses before military courts, will be entitled to transportation in kind,” and in addition thereto “the sum of four dollars per day west of the Mississippi Biver, and three dollars and a quarter east thereof, will be allowed for each and every day unavoidably consumed in travel or on duty under the order of summons,” showing that the order or summons has reference only to those citizens in the employ of the military service who may be ordered or summoned to perform some duty outside of their regular employment.
The words “summons as witnesses before military courts,” in the connection used in the regulation could certainly not be construed to apply to regular employment, but must be con *354 strued to apply to some contingency arising during employment not contemplated thereby, which for the good of the service renders it necessary to summons such an one as a witness to appear before a military court; so a “citizen in the employ of any branch of the military service” may be ordered to-appear as a witness before a military court without waiting the maybe slower process of a summons; but whether such order be to appear as a witness before a military court or elsewhere the travel necessitated thereby would be extra or outside of their regular employment, as citizens are not employed in any branch of the military service by “orders,” but by contract of employment, and citizens are not subject to military orders until after they have accepted employment in some branch of the military service. It- therefore follows that the plaintiff having performed no other or different service, as-shown by the findings, than that contemplated by the terms of his employment, he is not entitled, under the regulation, to-additional compensation in lieu of subsistence.
We are strengthened in this conclusion by reason of other sections of the Army Begulations in force at the time of the plaintiff’s employment, of which the court takes judicial notice,, viz:
“Sec. 2179. One ration a day maybe issued to each civilian employed with the Army when the rate of pay does not exceed sixty dollars per month, and when the circumstances of his service make it necessary and the terms of his engagement provide for' it. These issues will be on ration returns-(Form No. 66) similar to those used for troops, signed by the-officer in charge of the men, and ordered by the commanding officer of the post or station.” (G-. O. 50,1875.)
Which in express terms provides that when the pay of civilians does not exceed $60 per month and the terms of their engagement provide for it, one ration a day may be issued to-each. It was certainly not the purpose of the regulations to-place civilians receiving $125 per month on a better footing, as to rations than those receiving less than $60 per month.. But we find that provision was made for such class by section 2180, article 80, which reads:
“2180. Civilians employed with the Army at wages greater than sixty dollars per month may be allowed, when the necessities of the case require it, to purchase in limited quantities,. *355 for casb, at cost prices, articles of subsistence stores composing the ration.” (G. O., 50, 1875.)
And also by section 2224, article 81, wbicb. reads:
“2224. Civilian employés at remote posts, where like stores can not otherwise be procured, are authorized to purchase subsistence stores, for cash only: Provided, That no such purchase shall be made at less than invoice or contract prices, with the cost of transportation and ten per cent added.” (G-. O., 88,1879.)
So that under sections 2180 or 2224 [sufra) the plaintiff was allowed to purchase his subsistence. The findings do. not show under which section he was allowed to so purchase, but inasmuch as there is nothing in the findings to show that the “necessities of the case require” such purchase under section 2180 (sufra) the court will presume that purchases so made were under section 2224 (supra), as Point Barrow, Alaska, was a “remote post” or station where the plantiff’s duties were, though it is immaterial for the purposes of this case' under which section such purchases were made. It is enough that the findings show the plaintiff was permitted to and did purchase his subsistence from the defendants while at Point Barrow and on the return voyage to San Francisco, so that no hardship appeared to have been imposed upon him. On the contrary, he was permitted to purchase of the defendants his subsistence upon the same terms, as in law, the officer in command of the expedition, and on his return his account was settled and he made no objection to payment for his subsistence at the time or since, until the bringing of this action.
It is unnecessary, however, to consider such acquiescence in its relation to a waiver, since the court holds that he had no claim to wave, but his silence may be regarded as an indication of his own construction of the regulation as depriving him of pay thereunder.
Having reached the conclusion we have, it is unnecessary to • consider the effect of the statute of limitations as to the claim covered by either the original or amended petition.
For the reasons given the petition is dismissed.